**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANGELICA FIORENTINO and KIANNA BROWNE, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**ASM USA INC. D/B/A APPROCHE SUR MESURE,**<br><br>**Defendant.** | **Index No:**<br><br><br>**CLASS ACTION COMPLAINT** |

Angelica Fiorentino and Kianna Browne (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation and other damages for Plaintiffs and their similarly situated co-workers Brand Ambassadors, Ecommerce Specialists, and/or Customer Services Representatives (collectively, "Brand Ambassadors") who work or have worked for ASM USA, Inc. d/b/a Approche Sur Mesure ("ASM" or "Defendant").

2.      ASM provides outsourced contact center services for luxury brands worldwide. Founded in 1998 in Levallois-Perret, France, ASM operates in 8 countries with more than 200

employees worldwide and opened its first US office in 2004.[1] Today, ASM's US headquarters is located at 73 Spring Street, Suite 309, New York, NY 10012.[2]

3.      According to its website, ASM works with companies like GUCCI, FENDI, and PRADA[3] to provide these luxury brands' customers with phone, email, e-commerce and other customer service assistance.[4]

4.       To carry out their services, ASM utilized Brand Ambassadors who are tasked with handling customer inquiries about a brand's website, products, and/or policies. delivering luxury-oriented customer service via phone, email and/or chat, as well as other non-exempt work.[5]

5.      Despite being non-exempt employees, Defendant have failed to properly pay Plaintiff and other Brand Ambassadors overtime compensation at 1.5 times their regular rate of pay when they work over 40 hours per week.

6.      In that regard, Brand Ambassadors receive a set rate of around $2,800 per month regardless of the number of hours they worked each week.

7.      Moreover, despite requiring Brand Ambassadors to use ASM's electronic time keeping system to record their hours worked, Defendant provides Brand Ambassadors with paystubs that fail to reflect their actual hours worked. *See e.g.*, **Ex. A**, Plaintiffs' paystubs.

8.      Plaintiffs bring this action on behalf of themselves and all other similarly situated Brand Ambassadors who elect to opt in to this action pursuant to the Fair Labor Standards Act,

---

[1] *A Global Specilization in Luxury*, available at http://www.approche-sur-mesure.fr/index.php/en/who-are-we (last visited March 6, 2018).
[2] *Contact*, available at http://www.approche-sur-mesure.fr/index.php/en/contact-us (last visited March 6, 2018).
[3] *The ASM Customers*, available at http://www.approche-sur-mesure.fr/index.php/en/customers (last visited March 6, 2018).
[4] *Our Services*, available at http://www.approche-sur-mesure.fr/index.php/en/our-services (last visited March 6, 2018).
[5] *Customer Service Brand Ambassador for a Luxury Brand*, available at https://careers.approche-sur-mesure.fr/en/annonce/192948-customer-service-brand-ambassador-for-a-luxury-brand-seasonal-new-york (last visited March 6, 2018).

29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

9.      Plaintiffs also bring this action on behalf of themselves and all other similarly situated Brand Ambassadors in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

**THE PARTIES**

**Plaintiffs**

**Angelica Fiorentino**

10.      Angelica Fiorentino ("Fiorentino") is an adult individual who is a resident of Bronx, New York.

11.      Fiorentino was employed by ASM as a Brand Ambassador from on or around June 15, 2017 through November 3, 2017.

12.      Fiorentino is a covered employee within the meaning of the FLSA and the NYLL.

13.      A written consent form for Fiorentino is being filed with this Class Action Complaint.

**Kianna Browne**

14.      Kianna Browne ("Browne") is an adult individual who is a resident of Jamaica, New York.

15.      Browne was employed by ASM as a Brand Ambassador from on or around October 21, 2016 through April 24, 2017.

16.      Browne is a covered employee within the meaning of the FLSA and the NYLL.

17.      A written consent form for Browne is being filed with this Class Action Complaint.

3

**Defendant**

**ASM USA, Inc. d/b/a Approche Sur Mesure**

18.     ASM USA, Inc. d/b/a Approche Sur Mesure has owned and/or operated ASM during the relevant time period.

19.     ASM USA, Inc. d/b/a Approche Sur Mesure is a foreign business corporation organized and existing under the laws of Delaware.

20.     ASM USA, Inc. d/b/a Approche Sur Mesure's principal executive office is located at 73 Spring Street Suite 309 New York, NY 10012.

21.     ASM USA, Inc. d/b/a Approche Sur Mesure is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiffs and similarly situated employees.

22.     At all times relevant, ASM USA, Inc. d/b/a Approche Sur Mesure has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

23.     ASM USA, Inc. d/b/a Approche Sur Mesure applies the same employment policies, practices, and procedures to all Brand Ambassadors in its operation, including policies, practices, and procedures with respect to payment of overtime compensation.

24.     Upon information and belief, at all relevant times, ASM USA, Inc. d/b/a Approche Sur Mesure has had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

26.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant

to 29 U.S.C. § 216(b).

27.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant conducts business in this District.

## COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who work or have worked as Brand Ambassadors for ASM who elect to opt-in to this action (the "FLSA Collective").

29.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.

30.     Consistent with Defendant's policies and patterns or practices, Plaintiffs and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

31.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

32.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiffs and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

## CLASS ACTION ALLEGATIONS

33.     Plaintiffs bring the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Customer Service Representatives and/or Brand Ambassadors for ASM in New York between March 16, 2012 and the date of final judgment in this matter (the "Rule 23 Class").

34.     The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

35.     There are more than fifty Rule 23 Class Members.

36.     Plaintiffs' claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

37.     Plaintiffs and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.  Defendant's corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

38.     Plaintiffs are able to fairly and adequately protect the interests of the Rule 23 Class Members and has no interests antagonistic to the Rule 23 Class Members.

39.     Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented many plaintiffs and classes in wage and hour cases.

40.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

41.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiffs and the Rule 23 Class Members individually and include, but are not limited to, the following:

> (a)  whether Defendant correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek;
>
> (b)  whether Defendant failed to furnish Plaintiffs and the Rule 23 Class with proper annual wage notices, as required by the NYLL;
>
> (c)  whether Defendant failed to furnish Plaintiffs and the Rule 23 Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFFS' FACTUAL ALLEGATIONS

42.     Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiffs, individually, as follows:

**Angelica Fiorentino**

43.     Fiorentino was employed by Defendant as an Brand Ambassador from on or around June 15, 2017 through November 3, 2017.

44.     During her employment, Fiorentino generally worked over 40 hours per week, unless she missed time for vacation, sick days or holidays, or obtained additional shifts. In that

regard, Fiorentino worked approximately 5 to 6 days per week, 11:00 a.m. through 7:30 p.m. or 10:00 a.m. through 6:30 p.m.

45.    Despite regularly working over 40 hours per workweek, Defendant failed to compensate Fiorentino with proper overtime compensation of 1.5 times her regular rate of pay for all hours she was suffered or permitted to work.

46.    Throughout her employment, Fiorentino received weekly pay stubs from Defendant that did not record and/or compensate her for all of the hours that she worked.

47.    Defendant failed to provide Fiorentino with proper annual wages notices as required by the NYLL.

48.    Defendant failed to provide Fiorentino with accurate wage statements as required by the NYLL.

**Kianna Browne**

49.    Browne was employed by Defendant as an Brand Ambassador from on or around October 21, 2016 through April 24, 2017.

50.    During her employment, Browne generally worked over 40 hours per week, unless she missed time for vacation, sick days or holidays, or obtained additional shifts. In that regard, Fiorentino worked approximately 5 days per week, 10:00 a.m. through 8:00 p.m.

51.    Despite regularly working over 40 hours per workweek, Defendant failed to compensate Browne with proper overtime compensation of 1.5 times her regular rate of pay for all hours she was suffered or permitted to work.

52.    Throughout her employment, Browne received weekly pay stubs from Defendant that did not record and/or compensate her for all of the hours that she worked.

53.    Defendant failed to provide Browne with proper annual wages notices as required

by the NYLL.

54.     Defendant failed to provide Fiorentino with accurate wage statements as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

55.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

56.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the members of FLSA Collective.

57.     Plaintiffs and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

58.     Defendant failed to pay Plaintiffs and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

59.     As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

60.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

61.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiffs and the Rule 23 Class.

62.     Defendant failed to pay Plaintiffs and the Rule 23 Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

63.     Due to Defendant's violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

64.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

65.     Defendant has failed to supply Plaintiff and the Rule 23 Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

66.    Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide them with wage notices, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

67.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

68.    Defendant failed to supply Plaintiffs and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing:  dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

69.    Due to Defendant's violations of NYLL, Article 6, § 195(3), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Brand Representatives who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for ASM.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

E.      Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiffs and the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G.      Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiffs and the Rule 23 Class with accurate wage statements, or a total of five

thousand dollars each, as provided for by NYLL, Article 6 § 198;

      H.      Prejudgment and post-judgment interest;

      I.      Reasonable attorneys' fees and costs of the action; and

      J.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
      March 16, 2018

      Respectfully submitted,

      /s/ Brian S. Schaffer
      Brian S. Schaffer

      **FITAPELLI & SCHAFFER, LLP**
      Brian S. Schaffer
      Frank J. Mazzaferro
      28 Liberty Street, 30th Floor
      New York, NY 10005
      Telephone: (212) 300-0375

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against ASM USA and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_Angelica Fuentes_
Signature

_Angelica D Calderon Florentino_
Full Legal Name (Print)



## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against ASM USA and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

Kianna Browne (Mar 5, 2018)

_____
Signature


Kianna Browne
_____
Full Legal Name (Print)

# EXHIBIT A

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| RB / DMG 23273097 | 01/ | 973537 | 1 of 1 |

ASM USA Inc
73 Spring Street Suite 309
New York, NY 10012

## Earnings Statement



Period Starting:     10/16/2017
Period Ending:      10/31/2017
Pay Date:              11/02/2017

Business Phone:      212-334-6859

Taxable Marital Status:     Single
Exemptions/Allowances:          Tax Override:
  Federal:     0              Federal:
  State:        0              State:
  Local:        0              Local:
Social Security Number:     XXX-XX-XXXX

**Angelica Fiorentino**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | | 0.00 | 1141.57 | 10884.81 |
| Sick | | | 0.00 | 129.23 |
| Bonus | | | 0.00 | 50.00 |
| Performance Bonus | | | 0.00 | 200.00 |
| **Gross Pay** | | | **$1,141.57** | $11,264.04 |

| Deposits | | | |
|---|---|---|---|
| account number | | transit/ABA | amount |
| | | | 845.31 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -137.43 | 1385.39 |
| Social Security | -70.78 | 698.37 |
| Medicare | -16.55 | 163.33 |
| New York State Income | -39.99 | 423.74 |
| New York City R Local | -30.21 | 311.31 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| New York voluntary disability | -1.30 | 11.70 |

| **Net Pay** | **$845.31** |
|---|---|

© 1998, 2006, ADP, LLC  All Rights Reserved.

Your federal taxable wages this period are  $1,141.57

TEAR HERE

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

ASM USA Inc
73 Spring Street Suite 309
New York, NY 10012

**Pay Date:**          11/02/2017

**Deposited to the account**                                   amount
Checking DirectDeposit                                          845.31

THIS IS NOT A CHECK

Angelica Fiorentino

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | |
|---|---|---|---|---|---|
| DPH | 010079 | 100100 | | 0000520006 | 1 |

007-0001

# Earnings   Statement



ASM  USA  INC
73  SPRING  STREET  STE  609
NEW  YORK,  NY  10012

| Period  Ending: | 12/31/2016 |
|---|---|
| Pay  Date: | 12/30/2016 |

00000000006
**KIANNA  L  BROWNE**



Taxable  Marital  Status:   Single
Exemptions/Allowances:
Federal:               1
NY:                     1
New  York  Cit:       1

| **Earnings** | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 1400.00 | | 1,400.00 | 5,931.08 |
| Bonus | | | 100.00 | 100.00 |
| **Gross  Pay** | | | **$1,500.00** | 6,031.08 |

## Important  Notes
EMPLOYER  BUSINESS  PHONE  #(646)  356-0463

| **Deductions** | **Statutory** | |
|---|---|---|
| | Federal  Income  Tax | -166 .31 | 627.10 |
| | Social  Security  Tax | -93 .00 | 373.93 |
| | Medicare  Tax | -21 .75 | 87.45 |
| | NY  State  Income  Tax | -60 .13 | 221.17 |
| | New  York  Cit  Income  Tax | -38 .78 | 143.42 |
| | NY  SUI/SDI  Tax | -1 .30 | 6.50 |
| **Net  Pay** | | **$1,118.73** | |
| | Checking  1 | -1 ,118.73 | |
| **Net  Check** | | **$0.00** | |

Your  federal  taxable  wages  this  period  are
$1,500.00
Your  NY  taxable  wages  this  period  are
$1,500.00
Your  New  York  Cit  taxable  wages  this  period  are
$1,500.00

© 2000  ADP,  LLC

ASM  USA  INC
73  SPRING  STREET  STE  609
NEW  YORK,  NY  10012

| Advice  number: | 00000520006 |
|---|---|
| Pay  date: | 12/30/2016 |

Deposited   to  the  account  of
KIANNA  L  BROWNE

amount
$1,118.73

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO.  DPH | FILE  010079 | DEPT  100100 | CLOCK | VCHR. NO.  0000510006   1 |
|---|---|---|---|---|

007-0001

**Earnings   Statement**

ADP®

ASM  USA  INC
73  SPRING  STREET  STE  609
NEW YORK,  NY  10012

Period  Beginning:        12/01/2016
Period  Ending:            12/15/2016
Pay  Date:                    12/19/2016

Taxable  Marital  Status:    Single
Exemptions/Allowances:
Federal:                1
NY:                        1
New York  Cit:          1

00000000006
**KIANNA  L  BROWNE**

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 1400.00 | | 1,400.00 | 4,531.08 |
| Gross Pay | | | **$1,400.00** | 4,531.08 |

**Important  Notes**
EMPLOYER  BUSINESS  PHONE  #(646)  356-0463

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal  Income  Tax | -151.31 | 460.79 |
| | Social  Security  Tax | -86.80 | 280.93 |
| | Medicare  Tax | -20.30 | 65.70 |
| | NY  State  Income  Tax | -53.68 | 161.04 |
| | New  York  Cit  Income  Tax | -34.88 | 104.64 |
| | NY  SUI/SDI  Tax | -1.30 | 5.20 |
| | **Net  Pay** | **$1,051.73** | |
| | Checking  1 | -1,051.73 | |
| | **Net  Check** | **$0.00** | |

Your  federal  taxable  wages  this  period  are
$1,400.00
Your  NY  taxable  wages  this  period  are
$1,400.00
Your  New  York  Cit  taxable  wages  this  period  are
$1,400.00

© 2000 ADP, LLC

ASM  USA  INC
73  SPRING  STREET  STE  609
NEW YORK,  NY  10012

Advice  number:            00000510006
Pay  date:                    12/19/2016

Deposited   to  the  account  of
KIANNA  L  BROWNE

amount
$1,051.73

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. |
|-----|------|-------|-------|-----------|
| DPH | 010079 | 100100 | | 0000480006  1 |

008-0001

*ASM  USA  INC*
*73  SPRING  STREET  STE  609*
*NEW  YORK,  NY  10012*

Taxable  Marital  Status:    Single
Exemptions/Allowances:
   Federal:        1
   NY:             1
   New  York  Cit:  1

# Earnings   Statement



Period  Beginning:     11/16/2016
Period  Ending:        11/30/2016
Pay  Date:            12/02/2016

00000000006
**KIANNA  L  BROWNE**

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 1400.00 | | 1,400.00 | 3,131.08 |
| **Gross Pay** | | | **$1,400.00** | 3,131.08 |

**Important  Notes**

EMPLOYER  BUSINESS  PHONE  #(646)  356-0463

| Deductions | Statutory | this period | year to date |
|------------|-----------|-------------|--------------|
| | Federal Income Tax | -151.31 | 309.48 |
| | Social Security Tax | -86.80 | 194.13 |
| | Medicare Tax | -20.30 | 45.40 |
| | NY State Income Tax | -53.68 | 107.36 |
| | New York Cit Income Tax | -34.88 | 69.76 |
| | NY SUI/SDI Tax | -1.30 | 3.90 |
| **Net Pay** | | **$1,051.73** | |
| | Checking 1 | -1,051.73 | |
| **Net Check** | | **$0.00** | |

Your  federal  taxable  wages  this  period  are
$1,400.00
Your  NY  taxable  wages  this  period  are
$1,400.00
Your  New  York  Cit  taxable  wages  this  period  are
$1,400.00

© 2000 ADP, LLC

ASM  USA  INC
73  SPRING  STREET  STE  609
NEW  YORK,  NY  10012

**Advice number:**     **00000480006**
Pay  date:           12/02/2016

THIS IS NOT A CHECK

Deposited   to  the  account  of
**KIANNA  L  BROWNE**

amount
$1,051.73

# NON-NEGOTIABLE